## Case No. 15,219.

### UNITED STATES v. GODBOLD et al.

[3 Woods, 550; 5 Reporter, 168; 10 Chi. Leg. News, 140.] [1]

Circuit Court, S. D. Alabama.    June Term, 1877.

LIMITATION OF ACTIONS—MARSHAL'S BOND.

The statute of limitations of six years (Rev. St. § 786) does not apply to suits brought on marshals' bonds by the United States.

This was a suit upon the official bond of Cade M. Godbold, late marshal of the United States, and William F. Cleveland, one of his sureties. The bond was executed June 3, 1854. The defendants interposed the plea of the statute of limitations of six years (Rev. St. § 786) to which plea the plaintiff demurred.

E. S. Daryan and Wm. Boyles, for defendants, cited Green v. U. S., 9 Wall. [76 U. S.] 655; U. S. v. Herron, 20 Wall. [87 U. S.] 251; Story, Const. bk. 3, p. 593; U. S. v. Union Pac. R. Co., 91 U. S. 72.

George M. Duskin, U. S. Atty., cited Dox v. P. M. General, 1 Pet. [26 U. S.] 318; Smith v. U. S., 5 Pet. [30 U. S.] 292; U. S. v. Knight, 14 Pet. [39 U. S.] 301; Savings Bank v. U. S., 19 Wall. [86 U. S.] 227; U. S. v. Herron, 20 Wall. [87 U. S.] 251; [U. S. v. Rand, (Case No. 16,116)]. [2]

BRUCE, District Judge. This is an action brought upon the official bond of a United States marshal. A breach of the bond is alleged to have taken place. Among other pleas is the statute of limitations of six years, which is found in section 786 of the Revised Statutes, and in these words: "No suit on a marshal's bond shall be maintained, unless it is commenced within six years after the right of action accrues, saving, nevertheless, the rights of infants, married women and insane persons, so that they sue within three years after their disabilities are removed."

The question is, do suits instituted by the United States come within the influence of this section. The language is broad, and does not in terms except suits brought by the United States, and we must give the words their meaning, unless there is some principle upon which we can exclude the United States from the operation of the words, and from which we can justly conclude that congress, in enacting this section, did not intend to include suits by the United States, and did not include them in the broad language of the section. The district attorney invokes the maxim, "Nullum tempus occurrit regi," which is that time does not run against the sovereign power.

In the case of U. S. v. Herron, 20 Wall. [87 U. S.] 251, the principle is thus stated: "That the sovereign authority of the country is not bound by the words of a statute, unless named therein, if the statute tends to restrain or diminish the power, rights or interests of the sovereign." Now, the United States is not named in this statute, and under the rule of construction just stated, we must conclude that the United States is not bound by it, and that the congress, acting in view of this rule of construction, did not intend, in the use of the language, to include the government of the United States. But it is contended that the congress, in the enactment of the statute, had exceptions in view, and named the exceptions, to wit: infants, married women and insane persons, who might sue in three years after their disabilities were removed, and that, therefore, if congress had intended to except the government of the United States, it would have named it among the exceptions. It is true that enumeration is exclusion, because, when exceptions to a general rule are enumerated, it is a fair inference that no other exceptions are intended. It is to be observed, however, that the section of the Revised Statutes in question, together with the sections preceding it, are taken almost verbatim from an act relating to marshals' bonds, of April 10, 1806 (2 Stat. 374). It will be seen by an examination of this act, that its purpose was to afford persons who might be injured by a breach of the condition of a marshal's bond, a remedy by suit upon the bond. The second section of the act, which is carried into the Revised Statutes as section 784, gives the right to any person injured to institute and maintain a suit in his own name, and for his sole use, upon the bond; and section three, which is section 785 of the Revised Statutes, provides for repeated actions until the whole penalty is recovered; and then follows section four, which is section 786 of the Revised Statutes, now under consideration.

This review of the act of 1806, the provisions of which we find in the Revised Statutes as stated, shows the purpose of the act to have been to give a remedy in their own names to persons who might sustain injury by reason of the breach by the marshal of the conditions of his bond, and to limit the time within which the remedies might be

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission. 5 Reporter, 168, contains only a partial report.]

[2] [From 10 Chi. Leg. News, 140.]

pursued. The statute nowhere refers to suits by the United States. and section four must be held to refer to the same subject matter to which the other sections refer, to wit, the remedies by suit of injured persons upon the marshal's bond, and could not, therefore, have been intended by congress to impose any limitation upon the rights or remedies of the United States. The demurrer is sustained.